**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **W.D.**

**No. 24-84** (Mingo County CC-30-2021-JA-76)

## MEMORANDUM DECISION

Petitioner Father G.D.[1] appeals the Circuit Court of Mingo County's January 10, 2024, order terminating his parental rights to W.D.,[2] arguing that the circuit court erred by adjudicating him and subsequently terminating his parental rights. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision vacating and remanding the circuit court's May 16, 2023, and January 10, 2024, orders is appropriate in accordance with the "limited circumstances" requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure.

In December 2021, the DHS filed a petition alleging that the petitioner sexually abused two of the mother's other children, R.R. and N.R.[3] At the time the petition was filed, the petitioner and the mother lived in Kentucky with the subject child, W.D., in their care.[4] The circuit court held a contested preliminary hearing in January 2022, at which time a DHS worker indicated that the petitioner was a Kentucky resident but that the sexual abuse of R.R. and N.R. occurred in both Kentucky and West Virginia. The court ratified removal and scheduled the matter for adjudication.

---

[1] The petitioner appears by counsel Juston H. Moore. The West Virginia Department of Human Services appears by counsel Attorney General John B. McCuskey and Assistant Attorney General James Wegman. Because a new Attorney General took office while this appeal was pending, his name has been substituted as counsel. Counsel Lela Walker appears as the child's guardian ad litem.

Additionally, pursuant to West Virginia Code § 5F-2-1a, the agency formerly known as the West Virginia Department of Health and Human Resources was terminated. It is now three separate agencies—the Department of Health Facilities, the Department of Health, and the Department of Human Services. *See* W. Va. Code § 5F-1-2. For purposes of abuse and neglect appeals, the agency is now the Department of Human Services ("DHS").

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

[3] These children are not at issue in this appeal.

[4] It is unclear from the record how long these children resided in Kentucky prior to the petition's filing.

Following several continuances, an adjudicatory hearing was held in February 2023. The circuit court took judicial notice of all prior evidence and testimony. The court then heard testimony from a Child Protective Services worker who stated that the DHS deemed this case to be one of aggravated circumstances. Considering all the evidence, the court simply found "clear and convincing evidence that the Respondents, [the mother] and [the petitioner] abused and neglected the subject children." Thereafter, the court terminated the petitioner's parental rights at a hearing held in June 2023.[5] It is from the dispositional order that the petitioner appeals.[6]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Furthermore, when "the process [for abuse and neglect proceedings] . . . has been substantially disregarded or frustrated, the resulting order . . . will be vacated and the case remanded for compliance with that process and entry of an appropriate . . . order." Syl. Pt. 3, *In re Emily G.*, 224 W. Va. 390, 686 S.E.2d 41 (2009) (quoting Syl. Pt. 5, in part, *In re Edward B.*, 210 W. Va. 621, 558 S.E.2d 620 (2001)).

Although not raised as an assignment of error by the petitioner, we must address the circuit court's failure to properly establish jurisdiction over the child. *See* Syl. Pt. 2, *State ex rel. Universal Underwriters Ins. Co. v. Wilson*, 239 W. Va. 338, 801 S.E.2d 216 (2017) ("This Court, on its own motion, will take notice of lack of jurisdiction at any time or at any stage of the litigation pending therein.") (quoting Syl. Pt. 2, *In re Boggs' Est.*, 135 W. Va. 288, 63 S.E.2d 497 (1951)). Pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"),

> "to exercise jurisdiction to determine child custody, a court of this state must satisfy one of the four bases of jurisdiction set forth in Section 201(a). These four bases have been aptly summarized as 1) 'home state' jurisdiction; 2) 'significant connection' jurisdiction; 3) 'jurisdiction because of declination of jurisdiction'; and 4) 'default' jurisdiction. These jurisdictional bases do not operate alternatively to each other, but rather, in order of priority—reaching the next basis of jurisdiction only if the preceding basis does not resolve the jurisdictional issue." *In re K.R.*, 229 W. Va. [733,] at 740, 735 S.E.2d [882,] at 889 [(2012)] (internal citation omitted).

*In re Z.H.*, 245 W. Va. 456, 464, 859 S.E.2d 399, 407 (2021) (quoting *In re J.C.*, 242 W. Va. 165, 171, 832 S.E.2d 91, 97 (2019)). In *In re Z.H.*, this Court went on to explain that "home state" jurisdiction is conferred upon a West Virginia court if West Virginia is the child's home state "on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding, and the child is absent from this state but a parent or person acting as a parent continues to live in this state." *Id.* (quoting W. Va. Code § 49-20-201(a)(1)). As it relates to W.D., the term "home state"

---

[5] Because this decision is premised upon error with the court's adjudicatory ruling, it is unnecessary to discuss disposition.

[6] The mother's parental rights were terminated, and the permanency plan for the child is adoption by kinship placement.

means the state in which the child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding . . . . A period of temporary absence of any of the mentioned persons is part of the period.

*Id.* (quoting Syl. Pt. 3, *Rosen v. Rosen*, 222 W. Va. 402, 664 S.E.2d 743 (2008)).

The DHS concedes on appeal that the circuit court lacked jurisdiction because it appears that West Virginia was not the child's home state. Upon our review of the record, we cannot discern whether the circuit court properly assumed jurisdiction, considering that the petition alleges that the child lived in Kentucky and the court did not undertake an analysis under the UCCJEA. Therefore, we must vacate the circuit court's May 16, 2023, adjudicatory order and remand for the court to undertake a proper analysis of its jurisdiction over W.D. under the UCCJEA. Due to this jurisdictional error with adjudication, it follows that the circuit court's January 10, 2024, dispositional order must also be vacated, as a circuit court cannot proceed to terminate parental rights without first making the necessary findings at adjudication. *See* Syl. Pt. 3, in part, *In re A.P.- 1*, 241 W. Va. 688, 827 S.E.2d 830 (2019) (holding that appropriate findings pursuant to West Virginia Code § 49-4-601(i) are "a prerequisite to further continuation of the case.") (quoting Syl. Pt. 1, *State v. T.C.*, 172 W. Va. 47, 303 S.E.2d 685 (1983)).

Accordingly, we vacate the circuit court's May 16, 2023, adjudicatory order and January 10, 2024, dispositional order, and remand this matter for entry of a sufficient adjudicatory order, consistent with this decision, and for any further proceedings which may be appropriate.[7] The Clerk is directed to issue the mandate contemporaneously herewith.

Vacated and remanded, with directions.

**ISSUED**: January 29, 2025

**CONCURRED IN BY**:

Chief Justice William R. Wooton
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice C. Haley Bunn
Justice Charles S. Trump IV

---

[7] The vacation of these orders applies only to the petitioner, and the portions of the orders concerning other adult respondents remain in full force and effect, unless otherwise stated in a decision of this Court.

3